## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PENNANT SPORTSWEAR, INC. | ) | CIVIL ACTION NO.: |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| J. PRESS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Pennant Sportswear Inc., through its undersigned attorneys, submits this Complaint against defendant alleging as follows:

## NATURE OF THIS ACTION

1.      This is an action for trademark infringement, unfair competition, and unfair and deceptive trade practices under the Connecticut Unfair Trade Practices Act, Connecticut General Statutes § 42-110b. Since at least 2006, plaintiff Pennant Sportswear Inc. has sold clothing and headwear for men and woman, under its trademarks PENNANT and PENNANT SPORTSWEAR.  Over about twenty years, plaintiff has built up substantial goodwill with both consumers and retailers surrounding the associated PENNANT and PENNANT SPORTSWEAR marks, which are federally registered and carry associated rights at common law.  Defendant has sought to trade on this long development of plaintiff's goodwill and palm off its own clothing products under the confusingly similar PENNANT and PENNANT LABEL trademarks (the "Infringing Products").  Accordingly, plaintiff seeks appropriate damages and injunctive relief to stop defendant from further unlawful use of the PENNANT or PENNANT LABEL marks and marks confusingly similar thereto.

## PARTIES

2.      Plaintiff is a New Hampshire corporation with its principal place of business at 375 West Hollis Street, Nashua, New Hampshire 03060. Plaintiff is the owner of the PENNANT and  PENNANT SPORTSWEAR trademarks at issue in this action.

3.      Defendant J. Press, Inc. is a Connecticut corporation with a principal address of business at 8 West 38th Street, Suite 200, New York, New York, 10018.  Defendant also identifies itself as the owner of the confusingly similar trademarks PENNANT and PENNANT LABEL and is selling the Infringing Products.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367 because this action arises under the Federal Lanham Act, 15 U.S.C. § 1052 et seq., and because the state law claims for trademark infringement and unfair competition are joined with substantial and related claims under federal trademark laws. This Court therefore has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367 because the state-law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5.      Defendant is subject to personal jurisdiction in this District.  Defendant is a Connecticut corporation and has a place of business in Connecticut.  Defendant also has purposely availed itself of the privilege of conducting activities in the State of Connecticut by intentionally distributing the Infringing Products to customers in this state.  Defendant markets directly to consumers in this state through its retail store in New Haven and through its website https://jpressonline.com and https://jpressonline.com/pages/pennant-home.  The Infringing Products are also promoted by defendant at https://www.instagram.com/jpresspennant?hl=en.

6.      Venue is proper in this District under 28. U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claim for relief stated in this Complaint occurred in this District.  Venue also is proper under 28. U.S.C. § 1391(c) because defendant is subject to personal jurisdiction in this District.

**FACTUAL BACKGROUND**

**I.       Plaintiff And The PENNANT and PENNANT SPORTSWEAR Marks**

7.      Plaintiff Pennant Sportswear Inc. is a producer of quality clothing products and has been doing so under the marks PENNANT and PENNANT SPORTWEAR for about twenty years.  Since at least 2006, plaintiff has been manufacturing and selling clothing products under the PENNANT and PENNANT SPORTSWEAR trademarks to other retail distributors.  More specifically, plaintiff sells a wide variety of apparel including clothing for men, women's and children, such as shirts, sweatshirts, vests, jackets, pullovers, pants, shorts, loungewear and headwear.  Plaintiff's clothing products more specifically include men's, women's and youth outerwear such as sweatshirts/hoodies, ¼ zips, anoraks (pullovers), warmup and sweatpants, crews, along with windproof and water resistant garments.

8.      Plaintiff's customers and other retailer distributors include customers and retailers throughout the United States.  In particular, plaintiff advertises and sells its clothing products to about 3000 active customers who then screen print and/or utilize embroidery to customize the clothing, e.g., for scholastic or collegiate markets, including sportswear.

9.      Plaintiff has therefore been manufacturing and selling its clothing products for about 20 years under the PENNANT and PENNANT SPORTSWEAR trademarks, as well as in interstate commerce from its location at 375 West Hollis Street, Nashua, New Hampshire 03060, and for many years from its internet site https://pennantsportswear.com.

-3-

10.     Plaintiff's marketing has made and continues to make extensive use of the PENNANT and PENNANT SPORTSWEAR trademarks to build brand recognition among consumers and retailers in the various clothing products it sells.  To build brand awareness, plaintiff has utilized THE PENNANT and PENNANT SPORTSWEAR on its internet web site, printed catalogs, industry tradeshows, email advertising (business-to-business customers) and some social media platforms such as Instagram.  Plaintiff has spent over $1.7M in marketing and using its trademarks since at least 2006.

11.     In connection with the marketing and selling of clothing products under the PENNANT and PENNANT SPORTSWEAR trademarks, plaintiff has used its mark for the sale of clothing products in commerce since at least 2006.  Plaintiff owns U.S. Federal Trademark Registration 3,636,915 on the Principal Register, for the mark PENNANT SPORTSWEAR, which registered on June 9, 2009 and which identifies a date of first use and first use in commerce in class 025 (clothing)  for headwear.  U.S. Registration 3,636,915 is valid and enforceable and incontestable under section 15 of the Lanham Act, 15 U.S.C. 1065.  A true and correct copy of U.S. Registration 3,636,915 is attached as **Exhibit A**.

12.     Plaintiff also owns U.S. Federal Trademark Registration 3,636,964 for the mark PENNANT SPORTSWEAR which registered on June 9, 2009 and which identifies a date of first use and first use in commerce in class 025 (clothing) for clothing for men, woman and children, namely shirts, sweatshirts, vests, jackets, pullovers, pants, shorts and loungewear.  U.S. Registration 3,636,964 is valid and enforceable and incontestable under section 15 of the Lanham Act, 15. U.S.C. 1065.  A true and correct copy of U.S. Registration 3,636,964 is attached as **Exhibit B**.

13.     Plaintiff also owns U.S. Federal Trademark Registration 5,015,599 for the mark

PENNANT which registered on August 9, 2016 and which identifies a date of first use and first use in commerce in class 25 (clothing) for clothing for men, woman and children, namely shirts, sweatshirts, vests, jackets, pullovers, pants, shorts and loungewear.  U.S. Registration 5,015,599 is valid and enforceable.  A true and correct copy of U.S. Registration 5,015,599 is attached as **Exhibit C**.

14.     Registration of PENNANT and PENNANT SPORTWEAR on the principal register also provides constructive notice of plaintiff's claim of ownership thereof.

15.     Ownership of the federal registrations confers on plaintiff a conclusive presumption of validity of the marks PENNANT and PENNANT SPORTSWEAR and of exclusive rights to use the mark in commerce throughout the United States with respect to the goods and services indicated in the registration.

16.     In addition to federal registration, plaintiff enjoys common-law rights in the marks PENNANT and PENNANT SPORTSWEAR.

17.     Plaintiff's consistent and ongoing use of the PENNANT and PENNANT SPORTSWEAR marks in connection with the sale of clothing, include the following examples of use of the marks in commerce:







18.     The marks PENNANT and PENNANT SPORTSWEAR assured plaintiff's customers, both retailers and ultimate customers, and the public at large, that the products offered in conjunction with the marks were sourced from plaintiff and the products met the high standards and values for which plaintiff is known.

19.     As a result of the long-standing and consistent use of the marks PENNANT and PENNANT SPORTSWEAR, as well as plaintiff's nationwide promotion of the products offered under the PENNANT and PENNANT SPORTSWEAR marks, the marks have become widely known and distinctive throughout the United States.  The goodwill represented by the PENNANT and PENNANT SPORTSWEAR marks are a valuable and important asset of plaintiff.

20.     Plaintiff's mark, through their long usage and the substantial marketing and sales efforts, and public recognition, is a strong mark.  The marks PENNANT and PENNANT SPORTSWEAR are associated with plaintiff's products and provides a goods/source association for plaintiff's products.

II.   **Defendant's Infringing Activities**

21.   Defendant is copying plaintiff's intellectual property causing harm to plaintiff.

Defendant is manufacturing, advertising, promoting, distributing, offering for sale and/or selling

the Infringing Products in interstate commerce and throughout the State of Connecticut.

Examples of the Infringing Products are provided below:

a.   See, https://jpressonline.com/products/grey-yale-hoodie:



b.   See: https://jpressonline.com/products/j-press-pennant-needlepoint-hat-
navy:



PENNANT LABEL

## J.PRESS PENNANT NEEDLEPOINT HAT - NAVY

JHT9134NAVY

$39.50 USD

SIZE

One Size

QUANTITY

− 1 +

COLOR: NAVY

ADD TO CART

DESCRIPTION

c.   See: https://jpressonline.com/pages/pennant-home:



d.   See, Pennant Label March 2024 Lookbook:



    e.   See, Pennant Label March 2024 Lookbook:



    f.   See: https://jpressonline.com/pages/pennant-label-custom:

*Pennant Label Custom Locations*

MAKE AN APPOINTMENT

| *J. Press Madison - Pennant Label* | *J. Press New Haven* | *J. Press Washington DC* |
|---|---|---|
| 501 Madison Ave, New York, NY 10022 | 262 Elm Street, New Haven, CT 06511 | 1801 L Street NW, Washington, DC 20036 |
| 646-904-8003 | 203-772-1310 | 202-857-0120 |
| jpressmadison@jpressusa.com | jpressnh@jpressusa.com | jpressdc@jpressusa.com |
| Mon - Sat: 10:00 am - 6:00 pm | Mon - Sat: 9:30 am - 6:00 pm | Mon - Sat: 10:00am – 6:00pm |
| Sunday: Closed | Sunday: Closed | Sunday: Closed |

22.    In an April 2023 press release, defendant announced the opening of the Pennant Label store in New York City and that the "Pennant Label includes a full range of sportswear including officially licensed Ivy League school merchandise, accessories and a growing component of tailored clothing."  An image of the New York City store is below showing defendant's use of the PENNANT LABEL mark:



23.     Defendant utilizes the following web link to direct consumers to its PENNANT

LABEL line of products: https://jpressonline.com/pages/pennant-home.

24.     Defendant's Infringing Products make use of the marks PENNANT and

PENNANT LABEL to sell clothing products with a name that is confusingly similar and likely

to cause confusion with plaintiff's marks PENNANT and PENNANT SPORTSWEAR.

Defendant's marks are for the same goods (clothing) and for the same ultimate class of

prospective purchasers.

25.     Defendant uses the marks PENNANT and PENNANT LABEL in connection with

clothing products in a way that is likely to cause confusion, mistake, deception as to origin,

sponsorship or affiliation of such products.  Such use damages plaintiff and infringes plaintiff's

PENNANT and PENNANT SPORTWEAR trademarks.

26.     Plaintiff sent a letter to defendant on May 21, 2024 noting the infringement and

seeking to amicably resolve this matter.  Defendant has not been willing to eliminate its use of the marks PENNANT or PENNANT LABEL.

27.     Defendant is therefore willfully trading on the recognition of plaintiff's PENNANT and PENNANT SPORTSWEAR trademarks and to divert sales away from plaintiff through its use of the trademarks PENNANT and PENNANT LABEL on the Infringing Products.  Regardless of whether defendant was unaware of plaintiff's mark prior to sale of its products as described above, which is implausible, it indisputably has been aware of plaintiff's marks for at least a month prior to the filing of this complaint as described above.

28.     Defendant's willful infringement is underscored by the fact that in the publicly accessible U.S.P.T.O. database plaintiff's federal registrations for its PENNANT and PENNANT SPORTWEAR trademarks are the only three (3) live federal registrations in class 025 (clothing) for marks that contain PENNANT.



29.     Defendant's also filed U.S. Trademark Application Serial No. 98044144 where it has reconfigured its long-standing mark J.Press and described it as a "triangular-shaped pennant on a stick with the stylized wording "J.PRESS" superimposed on the pennant."  This demonstrates how defendant is further rebranding itself in a manner that builds on its infringing

use of the PENNANT and PENNANT LABEL marks.  The identified goods in U.S. Trademark Application Serial No. 98044144 are anoraks, blazers, sports jackets, sweaters, shirts, pants, shorts, windbreakers, sweatshirts, track jackets, hoodies, t-shirts, varsity jackets, polo shirts.

30.     Defendant's use of the marks PENNANT and PENNANT LABEL are effectively identical in commercial impression to plaintiff's marks PENNANT and PENNANT SPORTSWEAR.  Defendant's products also amount to nearly identical goods or related goods that are ultimately marketed and sold to the same ultimate customers of plaintiff's products.

31.     Defendant's conduct described above has injured plaintiff in its business and threatens to continue to injure plaintiff unless enjoined by this Court.  Plaintiff cannot control the quality of the Infringing Products, putting the goodwill associated with its PENNANT and PENNANT SPORTSWEAR marks in jeopardy.  Plaintiff will not be able to restore the damage to its goodwill and reputation if defendant does not stop its infringing activity.

32.     The injuries and damages sustained by plaintiff have been and will continue to be directly and proximately caused by defendant's wrongful distribution, advertisement, offering for sale and sale of the Infringing Products.

### COUNT I
### Infringement of Federally Registered Trademarks
### (Lanham Act § 32, 15 U.S.C. § 1114)

33.     Plaintiff incorporates each and every allegation of the preceding by reference as if fully set forth herein.

34.     Plaintiff's mark PENNANT and PENNANT SPORTSWEAR are widely recognized, including within this judicial district, as being affixed to goods and merchandise of the highest quality and originating with plaintiff.  Plaintiff's mark is used in interstate commerce

35.     The federal registrations of the marks PENNANT and  PENNANT

SPORTSWEAR are in full force and effect and are entitled to protection under both federal law and common law.

36.     Plaintiff owns the PENNANT and PENNANT SPORTSWEAR marks.

37.     Defendant is using a confusingly similar imitation of the PENNANT and PENNANT SPORTSWEAR marks in commerce in connection with the sale, offering for sale, distribution, or advertising of goods without plaintiff's consent.  Defendant's products compete with plaintiff's products and are distributed through similar retail marketing channels (e.g., outlets for sportswear).

38.     Defendant's use of a confusingly similar imitation of the PENNANT and PENNANT SPORTSWEAR marks is likely to cause confusion, to cause mistake, or to deceive.

39.     Defendant's acts of infringement have been and continue to be willful, intentional, knowing, and purposeful, in disregard of and indifferent to plaintiff's rights.

40.     Defendant's actions constitute trademark infringement in violation of 15 U.S.C. § 1114(1).

41.     As a consequence of defendant's acts of infringement, plaintiff is entitled to injunctive relief prohibiting defendant from using the PENNANT or PENNANT SPORTSWEAR marks or any marks identical and/or confusingly similar thereto for any purpose Plaintiff also is entitled to recover from defendant all damages that plaintiff has sustained and will continue to sustain as a result of such infringing acts, and all gains, profits, and advantages obtained by plaintiff as a result thereof, as well as the costs of this action pursuant to 15 U.S.C. § 1117.  Plaintiff also is entitled to attorneys' fees and appropriate interest.

**COUNT II**
**False Designation of Origin/Trademark Infringement**
**(Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

42.     Plaintiff incorporates each and every allegation of the paragraphs above by reference as if fully set forth herein.

43.     Plaintiff advertises, markets, distributes, and sells clothing products under the PENNANT and PENNANT SPORTSWEAR trademarks, and it uses those marks to distinguish its products from the products of others.

44.     Because of plaintiff's long, continuous, and exclusive use of the PENNANT and PENNANT SPORTSWEAR marks, those marks have come to mean, and is understood by customers, consumers, and the public to signify, plaintiff's products.

45.     Defendant's promotion, advertising, distribution, sale, and/or offering for sale of the Infringing Products is likely to cause confusion, to cause mistake, or to deceive, as to the affiliation, connection, or association of defendant and the Infringing Products with plaintiff and its products, or as to the origin, sponsorship, or approval of defendant's products by plaintiff.

46.     Defendant's use of a confusingly similar imitation of the PENNANT and PENNANT SPORTSWEAR marks is without plaintiff's permission.

47.     Defendant's acts of infringement have been and continue to be willful, intentional, knowing, and purposeful, in disregard of and indifferent to plaintiff's rights.

48.     Defendant's acts are in violation of 15 U.S.C. § 1125(a).

49.     Plaintiff has been damaged by defendant's willful acts and is likely to be damaged by defendant's continued willful acts.

50.     As a consequence of defendant's acts, plaintiff is entitled to injunctive relief prohibiting defendant from using the mark PENNANT or PENNANT LABEL or any marks

identical and/or confusingly similar thereto for any purpose, including the use of the domains that utilize PENNANT for clothing products such as: https://jpressonline.com/pages/pennant-home, and to recover from defendant all damages that plaintiff has sustained and will continue to sustain as a result of such infringing acts, and all gains, profits, and advantages obtained by defendant as a result thereof, as well as the costs of this action pursuant to 15 U.S.C. § 1117. Plaintiff also is entitled to attorneys' fees and appropriate interest.

<u>**COUNT III**</u>
**<u>Trademark Infringement and Unfair Competition under Connecticut Law</u>**
**<u>(State Trademark Infringement)</u>**

51.     Plaintiff incorporates each and every allegation of the paragraphs above by reference as if fully set forth herein.

52.     Plaintiff advertises, markets, distributes, and sells its products under the mark PENNANT and PENNANT SPORTSWEAR marks, and it uses those marks to distinguish its products from the products of others.

53.     The PENNANT and PENNANT SPORTSWEAR marks are understood by customers, consumers, and the public to signify, plaintiff's products.

54.     Plaintiff owns the marks PENNANT and PENNANT SPORTSWEAR.

55.     Defendant uses a confusingly similar imitation of the PENNANT and PENNANT SPORTSWEAR marks in commerce in connection with the sale, offering for sale, distribution, or advertising of goods without plaintiff's consent.

56.     Defendant's use of a confusingly similar imitation of the PENNANT and PENNANT  SPORTSWEAR marks is likely to cause confusion, to cause mistake, or to deceive customers or potential customers as to the origin, sponsorship, or approval of defendant's products by plaintiff in violation of Connecticut common law and statutory law.

57.     Defendant's acts of infringement have been and continue to be willful, intentional, knowing, and purposeful, in disregard of and indifferent to plaintiff's rights.

58.     Defendant's actions constitute trademark infringement and unfair competition under Connecticut statutory and common law.

59.     As a consequence of defendant's acts, plaintiff is entitled to injunctive relief prohibiting defendant from using the mark PENNANT  or PENNANT LABEL or any marks identical and/or confusingly similar thereto for any purpose, including use of domain names that include the PENNANT mark and to recover from defendant all damages that plaintiff has sustained and will continue to sustain as a result of such infringing acts, and all gains, profits, and advantages obtained by defendant as a result thereof, as well as the costs of this action. Plaintiff also is entitled to attorneys' fees and appropriate interest.

## COUNT IV
## VIOLATION OF CONNECTICUT TRADE PRACTICES ACT
### (Conn Gen. Stat. § 42-110g)

60.     Plaintiff incorporates each and every allegation of the paragraphs above by reference as if fully set forth herein.

61.     Defendant's actions, as complained of herein, constitute unfair and deceptive methods of competition in the conduct of trade or commerce pursuant to Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut General Statutes § 42-110b.

62.     The defendant acted without regard to potential confusion or deception to the Connecticut consumer.

63.     As a direct and proximate result of defendant's violations of Connecticut General Statutes § 42-110(b), plaintiff has been damaged in an amount to be proven at trial.  Plaintiff is also entitled to applicable interest, costs and attorney's fees.

64.     The defendant's action are willful or knowing violations of Connecticut General Statutes § 42-110(b).  Plaintiff is therefore entitled to costs, compensatory damages, punitive damages plus reasonable attorney's fees, and injunctive or other equitable relief.  Connecticut General Statutes § 42-100(g).

## **JURY DEMAND**

65.     Plaintiff demands a trial by jury on all matters triable by jury.

## **PRAYER FOR RELIEF**

Wherefore, plaintiff prays that this Court enter judgment in its favor and against defendant as follows:

A.     Enjoining defendant, its agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, from using the marks PENNANT or PENNANT LABEL, or any marks, designs, or designations confusingly similar thereto, including but not limited to:

(1)     manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any clothing products which bear the PENNANT or PENNANT LABEL marks and/or any marks, designs, or designations identical, substantially indistinguishable, and/or confusingly similar thereto, including the Infringing Products;

(2)     using the PENNANT or PENNANT LABEL mark or any mark confusingly similar to the PENNANT or PENNANT LABEL marks in any internet domain name registration, website address, social media handle, handheld device or computer app, or online or social media advertising or in any advertising or in store displays or signage;

(3)     engaging in any other activity constituting unfair competition with plaintiff, or acts and practices that deceive customers, consumers, or the public, including without limitation, the use of designations associated with plaintiff; and

(4)     Committing any other act which falsely represents or which has the effect of falsely representing that the goods of defendant are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with plaintiff.

B.     Ordering defendant to recall from any distributors and retailers and to deliver to plaintiff for destruction or other disposition all remaining inventory of the Infringing Products or other merchandise bearing the PENNANT or PENNANT LABEL marks or any marks confusingly similar thereto, including all advertisements, promotional, and marketing materials therefore;

C.     Ordering an accounting by defendant of all gains, profits, and advantages derived from its wrongful acts;

D.     An order requiring defendants to be required to disgorge the economic benefit they unjustly received as a result of their unlawful conduct;

E.     Awarding plaintiff damages including profits, damages, as well as costs and attorneys' fees to the full extent allowed by Section 35 of the Lanham Act, 15 U.S.C. § 1117

F.     Awarding plaintiff money damages, punitive damages, attorney's fees and costs pursuant to the full extent allowed by Connecticut General Statutes § 42-110(g);

G.     Awarding plaintiff appropriate interest;

H.     Ordering corrective advertising; and

I.     Granting such other relief as the Court may deem just and proper.

Respectfully submitted,

PENNANT SPORTSWEAR, INC.

By its attorneys,

Dated: July 3, 2024

/s/ *Alexa Millinger*
Alexa Millinger, Esq. (ct29800)
Hinckley Allen
20 Church Street
Hartford, CT 06103-1221
Tel: 860-725-6200
amillinger@hinckleyallen.com

Arnold Rosenblatt, Esq., (NH2879)
   (Application for *Pro Hac Vice* to be filed)
Hinckley Allen & Snyder LLP
650 Elm Street, Suite 500
Manchester, NH 03101
Tel: (603) 545-6122
arosenblatt@hinckleyallen.com

Steve Grossman, Esq. (NH7897)
   (Application for *Pro Hac Vice* to be filed)
Grossman, Tucker, Perreault & Pflger, PLLC
55 South Commercial Street
Manchester, NH 03101
Tel: 603-668-6560
sgrossman@gtpp.com